Snodgrass, J.,
delivered the opinion of the court:
This is an ejectment suit in the chancery court of Monroe county. Decree for complainant to the extent of an undivided one-third interest in land sued for, and defendant appealed. The hill alleged that defendant was in possession of about eighty acres in complainant’s 5,000-acre tract, described as sued for, claimed to own it, and had a part of it in cultivation; that defendant was a naked trespasser, holding without color of title,' and had not been in possession for seven years. The prayer was that defendant be required to file his title with his answer; that it be declared void and canceled, as a cloud on complainant’s title; and that defendant be ejected. The answer denies that complainant has any legal title whatever to the land, or that defendant is occupying or in possession of any land to which complainant has any right or title whatever; describes the land defendant claims, and says the same was granted to William Hunt, and that he purchased the same from Hunt, in November, 1872, and took his warranty deed therefor; that defendant has been in possession since, claiming and holding it as his own, during the intervening time, to the filing of complainant’s bill (thirtieth October, 1880), or more than seven years; and he pleads and relies upon the statute of seven years as a bar to the action. He shows that he cleared and inclosed, in 1872 and 1873, about seveu acres of the land; in 1874, about two acres, and subsequently more, until he has fifteen acres of it inclosed. Complainant attempted to deraign title, as follows: (1) A deed dated twenty-first October, 1836, from J. 0. McLemore to John Lyons, of an undivided one-third of sundry tracts of land, among others, two described as follows: '"‘One tract, situated and granted as aforesaid, containing 5,000 acres, more or less, originally *282 granted to''John 0.' McLemore, John Lyon, and M. H. McAllister, hutted and hounded as follows, . . . . and designated on said plat as 2,854;” “also one other tract, dis-guished on plat as Ed. 2,835, containing according to the original grant, 5,000 acres, hut found to contain, on survey, only 3,000 acres, more or less;” Lyons to M. Stephenson; Stephenson to O. F. Iveith; and decree vesting Keith’s title in complainant, fifth June, 1855; deed from McAl-lister to Arnold; deed from John Lyon to Arnold; deed from Sheriff Vaughn to the Tellico Manufacturing Company, in 1862, of Arnold’s interest; hut, as this' deed is obviously void, it is not necessary further to notice it.
For complainant, Underwood, Morris, Hall, Lee, Griffith and Chambers were examined as witnesses;' and defendant gave his own deposition; and took that of Hunt. He also exhibited a grant from the state to Hunt, dated eighteenth of September, 1872 and showed that in Hovem-ber following he bought of Hunt, and took possession, which he has since held. He filed Hunt’s deed, executed since the bringing of this action, and registered. Underwood is asked: “Is the land in dispute inside the boundary of lands claimed by the Tellico Manufacturing Company?” and answers, “It is.” Being asked, on cross-examination, how he knows that" this land is within the boundary claimed by the Tellico Manufacturing Company, he says: “I saw the corner, or what they say was the corner, and from what they told me, and, from what I know of the corners and distances, it is inside. I never saw the land measured.” This obviously proves nothing. If he had stated positively, and with knowledge, that it was within the boundary claimed by the Tellico Manufacturing Company, this would have been no evidence that it was within any boundary of the title exhibited in this case. It does not identify the land as the same described in the title papers exhibited. William Lee proves, in reference to certain enumerated places, not identified as same sued for, that the *283 Tellieo Manufacturing Company has had possession for -twelve'or fifteen years. Witness Chambers is examined as follows on this - question: -“Question. 'Are you acquainted with the land in dispute? Answer. I am. Q. Please state by what grant said land is covered? A. It is covered by grant 2,854.” Being asked as to certain other enumerated places, to state by what grant or grants .each of them is covered, he says: “They all lie in the land granted by Ho-. 2,835.” On cross-examination, he is asked: “How do you know the land in dispute is in grant 2,854? Did you ever run the land by this grant? Where-is the grant? and answered: “I have never seen the grant. I made a survey in accordance with a deed from John Lyon to E. J. Arnold.”- After the cause came on to be heard, this witness appeared in open court, and, after being sworn, was permitted to correct his deposition, so as to state that the lands in dispute were located on grant Ho. 2,835, instead of 2,854, and that he had heretofore, without notice to defendant, changed his deposition to so state.
This was clearly erroneous. The correction was doubtless honestly made, as the two descriptions are somewhat alike, but the amendment was of a material statement, and depositions cannot be changed in that manner. The eifect in this case is not material, however. This witness knew nothing of the grants, and did, not purport even to have seen them, and therefore could not prove that either embraced the land. At most, his evidence could be treated as meaning that the land could be included in one of these numbers, as set out in the Lyon deed. Complainant, therefore, failed to deraign a perfect title. In addition, while it was not, of course, necessary to protect' him, in possession, against this action, it was known by defendant that the title of Hunt was superior, being a grant, and that he had been holding under purchase from him for more than seven years, at the commencement of this action. It is true he had taken no deed until after suit brought, *284 licit this makes no difference; as, if he had never taken a deed, he could have relied on a superior, outstanding title.
The decree should he reversed, and the bill dismissed, with costs.